1  WRIGHT, FINLAY & ZAK, LLP
2  Robin P. Wright, Esq., SBN 150984
   Jonathan D. Fink, Esq., SBN 110615
3  Jennifer A. Brady, Esq., SBN 258626
4  4665 MacArthur Court, Suite 200
   Newport Beach, CA 92660
5  Tel: (949) 477-5050; Fax: (949) 608-9142
6  jfink@wrightlegal.net; jbrady@wrightlegal.net

7  Attorneys for Defendants,
8  OCWEN LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION,
   AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED
9  AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES,
10 SERIES 2005-HE1

11                **UNITED STATES DISTRICT COURT**
12            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 | MARILYN MARQUEZ, an individual, | Case No.: 2:15-cv-02783-PSG-VBK |
14 | | |
15 |                Plaintiff, | *[The Hon. Philip S. Gutierrez]* |
16 | vs. | |
17 | OCWEN LOAN SERVICING, LLC; | **NOTICE OF MOTION AND MOTION TO DISMISS FIRST** |
18 | U.S. BANK N.A., AS TRUSTEE, | **AMENDED COMPLAINT FOR** |
   | UNDER POOLING AND | **FAILURE TO STATE A CLAIM** |
19 | SERVICING AGREEMENT DATED | **FOR RELIEF** |
20 | AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH | |
21 | CERTIFICATES, SERIES 2005-HE1; | **[FRCP RULE 12(b)(6)]** |
22 | WESTERN PROGRESSIVE, LLC; | Date:   September 28, 2015 |
   | and DOES 1-50 inclusive, | Time: 1:30p.m. |
23 | | Ctrm: 880 |
24 |                Defendants. | *[Filed concurrently with Request for* |
25 | | *Judicial Notice and Proposed Order]* |
26 | | |
27 | | Complaint Filed: February 17, 2015 |
   | | FAC filed: July 10, 2015 |
28 | | |

1

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on September 28, 2015 at 1:30p.m., or as soon thereafter as the matter may be heard, in Courtroom "880" of the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants, OCWEN LOAN SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-HE1 ("U.S. Bank") (*erroneously named as* U.S. BANK N.A., AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-HE1) (collectively "Defendants") will move this Court for an Order dismissing the First Amended Complaint ("FAC") of Plaintiff MARILYN MARQUEZ ("Plaintiff") pursuant to *Federal Rules of Civil Procedure* ("*FRCP*") Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This Motion is made on the grounds that Plaintiff has failed to plead the essential facts which give rise to her claims and/or the claims are barred on their face, as confirmed by matters which may properly be judicially noticed by this Court.

This Motion will be based upon this Notice, the attached memorandum of points and authorities as well as the Complaint, the FAC, the complete files and records in this action, the documents of which this Court is being requested to take judicial notice, the oral argument and such other and further evidence as the Court might deem proper.

///
///
///
///

2

1    On July 16, 2015, pursuant to Local Rule 7-3 Defendants' counsel sent a

2  letter to Plaintiff's counsel, Lauren Rode, Esq., by E-Mail and U.S. mail,

3  requesting that the parties meet and confer regarding this motion. On July 20,

4  2015 Defendants' counsel and Plaintiff's counsel met and conferred pursuant to

5  Local Rule 7-3.

6

7                                                  Respectfully submitted,

8                                                  WRIGHT, FINLAY & ZAK, LLP

9  Dated: July 24,  2015          By:    */s/ Jennifer A. Brady*

10                                             Jennifer A. Brady, Esq.
                                               Attorneys for Defendants, OCWEN LOAN
11                                             SERVICING, LLC; U.S. BANK
                                               NATIONAL ASSOCIATION, AS
12                                             TRUSTEE, UNDER POOLING AND
                                               SERVICING AGREEMENT DATED AS
13                                             OF MAY 1, 2005 ASSET-BACKED
                                               PASS-THROUGH CERTIFICATES,
14                                             SERIES 2005-HE1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION                                                        1

II.   THE FIRST AMENDED COMPLAINT SHOULD BE
      DISMISSED FOR FAILURE TO STATE A CLAIM UPON
      WHICH RELIEF MAY BE GRANTED                                        4

III.  THE ENTIRE FIRST AMENDED COMPLAINT SHOULD BE
      DISMISSED BECAUSE PLAINTIFF FAILS TO JOIN AN
      INDISPENSABLE PARTY                                                6

IV.   ANALYSIS OF CLAIMS                                                 9

      1.    Plaintiff's Claim for Violation of HOBR §2923.6 Fails        9

      2.    Plaintiff's Claim for Promissory Estoppel Fails             11

            a.    No Clear and Unambiguous Promise                      12

            b.    No Reliance by Plaintiff                              12

            c.    No Facts Suggesting Harm                              13

      3.    Plaintiff's Claim for Violation of Business and Professions
            Code §17200 Fails Because Plaintiff Has Not Alleged
            Any Wrongful Conduct by Defendants                          14

V.    CONCLUSION                                                        18

i

# TABLE OF AUTHORITIES

**Page No**.

## Cases

*Ashcroft v. Iqbal,*

565 US __, 129 S.Ct. 1937, 1953 (2009) ………………………………………5

*Audio Fidelity, Inc. v. High Fidelity Recordings, Inc.,*

(9th Cir. 1960) 283 F.2d 551, 557 …………………………………… 15

*Balistreri v. Pacifica Police Department,*

901 F.2d 696, 699 (9th Cir. 1990)…………………………………………4

*Bank of the West v. Superior Court,*

(1992) 2 Cal.4th 1254, 1267). …………………………………… 14

*Bell Atlantic Corp. v. Twombly,*

127 S. Ct. 1955, 1965 (2007) …………………………………… 4, 5

*California State Board Of Funeral Directors And Embalmers*

v. *Mortuary in Westminster Memorial Park,*

(1969) 271 Cal. App. 2d 638, 642…………………………………… 15

*Cel-Tech Communications, Inc.*

*v Los Angeles Cellular Telephone Company*

(1999) Cal.App.4th 163, 180 …………………………………… 17

*Clegg v. Cult Awareness Network,*

18 F.3d. 752, 754-55 (9th Cir. 1994) …………………………………………5

*Conley v. Gibson,*

355 U.S. 41, 45-46 (1957)…………………………………………4

*Consumer Advocates v. Echostar Satellite Corp.,*

(2003) 113 Cal. App. 4th 1351, 1360 …………………………………… 15

*Cortez v. Purolator Air Filtration Prods.,*

(2000) 23 Cal.4th 163, 179.…………………………………… 17

*Daro v. Superior Court,*

151 Cal. App. 4th 1079, 1099 (1st Dist. 2007)…………………………………… 16

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

*Durrell v. Sharp Healthcare*,

    183 Cal. App. 4th 1373, 1384 (2010)……………………………………………… 16

*Edwards v. Def. Home Loan Mortgage Corp.*,

    No. C 12-04868 JSW, 2012 WL 5503532, at *3-4 (N.D. Cal. Nov. 13, 2012)…7

*Freeman v. Time, Inc.*,

    (9th Cir. 1995) 68 F.3d 285, 289 …………………………………………… 15

*Healy v. Brewster,*

    59 Cal.2d 455, 463 (1963)…………………………………………………… 12

*Irving Tier Co. v. Griffin,*

    244 Cal.App.2d 852, 865 (1966) …………………………………………… 12

*Khoury v. Maly's of California, Inc.,*

    (1993) 14 Cal. App. 4th 612, 619 ………………………………………… 14,15

*Kwikset Corp. v. Superior Court,*

    51 Cal.4th 310, 322 (2011)…………………………………………………… 16

*Lange v. TIG Insurance Co.*,

    68 Cal. App. 4th 1179, 1185-1186 (1998) ……………………………………… 11

*Lippitt v. Raymond James Fin. Servs.*,

    (9th Cir. 2003) 340 F.3d 1033, 1043)] …………………………………… 14

*Mangini v. Aerojet-General Corp.,*

    (1991) 230 Cal. App. 3d 1125, 1155-56.…………………………………… 14

*Maynard v. Wells Fargo Bank, N.A.,*

    No. 12 CV1435 AJB JMA, 2012 WL 4898021, at *2-3

    (S.D. Cal. Oct. 15, 2012); …………………………………………………7

*McCarthy v. Mayo*,

    827 F.2d 1310, 1316 (9th Cir. 1987) …………………………………………5

*Mottale v. Kimball Tirey & St. John, LLP*

    No.13 CV1160-GPC-JMA, 2013 WL 5570193 *7 (S.D. Cal. Oct. 9, 2013); ….7

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

*Nationstar Mortgage LLC,*
 2013 WL 2355524 at * 10 (E.D. Cal. May 29, 2013). ............................ 13

*Nguyen v. PennyMac Loan Services, LLC,*
 2012 WL 6062742 at * 7-8 (C.D. Cal. Dec. 5, 2012) ............................. 13

*Northrop Corp. v. McDonnell Douglas Corp.,*
 705 F.2d 1030, 1043 (9th Cir.1983) .........................................8

*Olsen v. Breeze*
 (1996) 48 Cal.App.4th 608, 617-618 ................................. 14

*Olszewski v. Scripps Health,*
 30 Cal.4th 798, 808–809 (2003). ...........................................7

*People v. Casa Blanca Convalescent Homes, Inc.,*
 (1984) 159 Cal. App. 3d 509,.................................................. 14,15

*People v. McKale,*
 (1979) 25 Cal.3d 626, 632)].......................................... 14

*Robertson v. Dean Witter Reynolds, Inc.,*
 749 F.2d 530, 533-534 (9th Cir. 1984) .................................................4

*Rockridge Trust v. Wells Fargo NA,*
 985 F. Supp.2d. 1110 (2013). ........................................... 11

*Rodriguez v. JP Morgan Chase & Co.,*
 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011). .......................................9

*Saunders v. Supr. Court,*
 (1994) 27 Cal.App.4th 832, 838-39................................... 14

*Shadoan v. World Sav. & Loan Ass'n,*
 219 Cal. App. 3d 97, 108 n.7 (1990)................................... 17

*Shah v. County of Los Angeles,*
 797 F.2d 743, 745 (9th Cir. 1986) .........................................5

*Stewart v. Life Ins. Co. of North America,*
 388 F. Supp. 2d 1138, 1143 (E.D. Cal. 2005) ..................................... 14

iv

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

*Stickrath v. Globalstar, Inc.*,
   (N.D. Cal. 2007) 527 F.Supp.2d 992, 989; ……………………………………… 14
*Student Loan Mktg. Ass'n*,
   181 F.R.D 629, 639 (S.D. Cal. 1998)……………………………………………5
*Toscano v. Greene Music*,
   124 Cal. App. 4th 685, 692 (2005)…………………………………………… 11
*Trihn v. CitiBank, NA*,
   No. 5:12-cv-03902 EJD, 2012 WL 6574860 (N.D. Cal.[?]
   December 17, 2012);……………………………………………………………6
*United States v. Bowen*,
   172 F.3d 682, 688 (9th Cir. 1999)……………………………………………8
*US Ecology, Inc. v. State*
   (2005) 129 Cal.App.4th 887, 901 ……………………………………………… 11
*Western Mining Council v. Watt*,
   643 F.2d 618, 624 (9th Cir. 1981)……………………………………………5
*Woodring v. Ocwen Loan Servicing, LLC*,
   no. CV 14-03416(BRO)(ex) 2014 WL 3558716 *7 (C.D. Cal., July 2014). … 11
*Youngman v. Nevada Irrigation Dist.*,
   70 Cal.2d 240, 249 (1969)…………………………………………………… 12

**Statutes**

Business & Professions Code  §17204……………………………………… 16
Civil Code § 2923.4(a): ………………………………………………………9
Civil Code § 2923.6……………………………………………………9, 11,13,16
Civil Code § 2923.6(g) ……………………………………………………9,10
Civil Code § 2924.12 ……………………………………………………… 11
Civil Code § 2924l(d)…………………………………………………………4

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

**Rules**

Federal Rules of Civil Procedure, Rule 8 ……………………………………5

Federal Rules of Civil Procedure, Rule 12 …………………………………4

Federal Rules of Civil Procedure, Rule 19(b); ……………………………8

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION:

On or about February 11, 2005, Plaintiff Marilyn Marquez ("Plaintiff") and her husband, non-party Dan Gonzalez ("Mr. Gonzalez"), borrowed $430,400.00 (the "Loan") from non-party Golden Empire Mortgage ("Golden Empire")[1], securing that transaction with a Deed of Trust ("DOT") against the property commonly known as 631 Damien Ave., Unit 2, La Verne, California 91750 ("Property"). (A true and correct copy of the recorded DOT is attached as Ex. 1 to the concurrently filed Request for Judicial Notice ["RJN"].) Pursuant to the terms of the DOT, Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee beneficiary of the Loan for Golden Empire and its successors and assigns.

On October 23, 2009, MERS executed an Assignment of Deed of Trust ("Assignment 1"), which formally transferred the DOT to Defendant U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement Dated as of May 1, 2005 Asset-Backed Pass Through Certificates, Series 2005-HE1 ("U.S. Bank"), which Assignment was recorded with the Los Angeles County Recorder's Office on November 17, 2009. (A true and correct copy of Assignment 1 is attached as Ex. 2 to the RJN.)

Plaintiff defaulted on her obligation under the Loan and DOT, and on March 3, 2010, when Plaintiff was $24,113.88 in arrears, LSI Title Company, as agent for T.D. Service Company, authorized agent for the beneficiary, caused to be recorded with the Los Angeles County Recorder's Office a Notice of Default

---

[1] The First Amended Complaint incorrectly identifies several facts of the Loan. In particular: (1) the loan date is February 11, 2005, not "January 28, 2004"; (2) the lender is Golden Empire Mortgage, not "WMC Mortgage Corporation"; and (3) the Loan amount is $430,400.00, not "328,000.00." *See*, First Amended Complaint, ¶ 12.

1

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

and Election to Sell Under the Deed of Trust ("NOD 1"). (A true and correct copy of the NOD 1 is attached as Ex. 3 to the RJN.)

Barclays Capital Real Estate, Inc. dba Home Servicing, as Attorney-in-Fact for U.S. Bank, executed a substitution of Trustee ("SOT 1") that substituted First American Title Company ("First American") as the new foreclosure trustee under the DOT, and the SOT 1 was recorded with the Los Angeles County Recorder's Office on May 19, 2010. (A true and correct copy of the SOT 1 is attached as Ex. 4 to the RJN.)

After Plaintiff failed to cure the default, a Notice of Trustee's Sale ("NOTS 1") was recorded with the Los Angeles County Recorder's Office on June 4, 2010, setting the foreclosure sale for June 24, 2010. (A true and correct copy of the NOTS 1 is attached as Ex. 5 to RJN.) The sale did <u>not</u> go forward at that time.

On September 29, 2011, a Notice of Rescission ("Rescission") of the NOD 1 was recorded with the Los Angeles County Recorder's Office. (A true and correct copy of the Rescission is attached as Ex. 6 to RJN.)

Plaintiff once again defaulted on her obligation under the Loan and DOT, and on February 10, 2012, when Plaintiff was $18,245.25 in default, Western Progressive, LLC, as agent for the beneficiary, caused to be recorded with the Los Angeles County Recorder's Office a Notice of Default and Election to Sell Under the Deed of Trust ("NOD 2"). (A true and correct copy of the NOD 2 is attached as Ex. 7 to the RJN.)

On or about March 5, 2012, Ocwen Loan Servicing, LLC, loan servicer and Attorney-in-Fact for U.S. Bank, executed a substitution of Trustee ("SOT 2") that substituted Western Progressive, LLC ("Western Progressive") as the new foreclosure trustee under the DOT, and the SOT 2 was recorded with the Los Angeles County Recorder's Office on June 4, 2012. (A true and correct copy of the SOT 2 is attached as Ex. 8 to the RJN.)

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

After Plaintiff failed to cure the default, a Notice of Trustee's Sale ("NOTS 2") was recorded with the Los Angeles County Recorder's Office on June 4, 2012, setting the foreclosure sale for June 25, 2012. (A true and correct copy of the NOTS 2 is attached as Ex. 9 to RJN.) The sale did <u>not</u> go forward at that time.

On December 11, 2013, a Notice of Trustee's Sale ("NOTS 3") was recorded with the Los Angeles County Recorder's Office, setting the foreclosure sale for January 10, 2014. (A true and correct copy of the NOTS 3 is attached as Ex. 10 to RJN.) The sale did <u>not</u> go forward at that time, but was instead continued, ultimately to October 30, 2014. Plaintiff still failed to cure her default.

On June 20, 2014, a Notice of Trustee's Sale ("NOTS 4") was recorded with the Los Angeles County Recorder's Office, setting the foreclosure sale for July 23, 2014. (A true and correct copy of the NOTS 4 is attached as Ex. 11 to RJN.) The sale did <u>not</u> go forward at that time, but was ultimately continued to October 30, 2014.

On October 30, 2014 the Property was sold at a non-judicial foreclosure sale to U.S. Bank. The Trustee's Deed Upon Sale ("TDUS") was recorded with the Los Angeles County Recorder's Office on December 22, 2014. (A true and correct copy of the TDUS is attached as Ex. 12 to RJN.)

On February 2, 2015, U.S. Bank filed an Unlawful Detainer action ("UD Action") against Plaintiff Marilyn Marquez and Dan Gonzalez in the Superior Court of California, County of Los Angeles, Case No. 15 P00889. (A true and correct copy of the Complaint in the UD Action is attached as Ex. 13 to RJN.)

On February 17, 2015, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angeles, Case No. KC067459 ("State Court Action") against Ocwen, U.S. Bank (collectively "Defendants") and Western Progressive, alleging causes of action for: 1) Violation of California SB-90; 2) Promissory Estoppel; 3) Violation of Business and Professions Code Section 17200; 4) Negligence; and 5) Declaratory and Injunctive Relief.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

On March 25, 2015, Western Progressive filed a Declaration of Nonmonetary Status ("DNMS") pursuant to California *Civil Code* § 2924l in the State Court Action. (A true and correct copy of the DNMS is attached as Ex. 14 to RJN.) Plaintiff's deadline to file an Objection was April 13, 2015, which has expired. Therefore, Western Progressive is considered a non-party for purposes of this federal action. *California Civil Code* § 2924l(d).

On April 15, 2015, Defendants filed a Notice of Removal, removing the State Court Action on the basis of diversity.

On June 15, 2015, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint, with leave to amend ("June 15, 2015 Order"). On July 10, 2015, Plaintiff filed her First Amended Complaint ("FAC"), which fails to cure the defects contained in the Complaint as noted in the June 15, 2015 Order.

## II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED:

It is well-established that a complaint may be dismissed pursuant to the *Federal Rules of Civil Procedure* ("*FRCP*") Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Specifically, even though a "short and plain statement" of the claim must be alleged, [*FRCP* Rule 8(a)(2)] a complaint may be dismissed as a matter of law under Rule 12(b)(6) for: (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level" [*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Id.* Courts should dismiss any claim "that fails to plead

sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639 (S.D. Cal. 1998).

Although, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true, [*Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986)] conclusory allegations are disregarded. *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987). "[F]ormulaic recitation of the elements of a cause of action will not suffice." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953 (2009). A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact. *Id.* While courts consider facts in the complaint as true on a motion to dismiss, they do not "assume the truth of legal conclusions merely because they are in the form of factual allegations." *Id*. In *Ashcroft v. Iqbal*, the Supreme Court admonished that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 129 S. Ct. at 1949, and "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss. *Id.* at 1950. Further, "the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d. 752, 754-55 (9th Cir. 1994).

Examining the claims for relief in the FAC, it is apparent that each of the alleged causes of action still falls far below the pleading requirements needed to survive this Motion to Dismiss.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

### III. THE ENTIRE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO JOIN AN INDISPENSABLE PARTY:

*FRCP*, Rule 19, provides:

1) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action <u>must</u> be joined as a party if:

(A) in that person's absence, the court cannot accord  complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    i. as a practical matter impair or impede the person's ability to protect the interest; or

    ii. leave an existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, Plaintiff executed the Loan and Deed of Trust along with her then-husband and co-borrower, Mr. Gonzalez, "as joint tenants." *See,* Ex. 1 to the RJN. At no time has Mr. Gonzalez been relieved from his obligations under the Loan by Defendants or prior predecessors in interest. Since the allegations in the FAC all concern the Loan and the default thereunder, this action necessarily affects and concerns both Plaintiff's <u>and</u> Mr. Gonzalez's interests in the Loan and Property. Defendants pointed out this flaw in their prior Motion to Dismiss, yet Mr. Gonzalez is still not a party to this action.

The Court cannot grant complete relief in Mr. Gonzalez's absence, as the Court's final disposition of this matter will affect Mr. Gonzalez to the same extent it affects Plaintiff and Defendants with respect to the Loan and Property. *Trihn v. CitiBank, NA,* no. 5:12-cv-03902 EJD, 2012 WL 6574860 (N.D. Cal.[?] December 17, 2012); *Olszewski v. Scripps Health,* 30 Cal.4th 798, 808–809

6

(2003). District Courts in California have reasoned that co-borrowers listed on a DOT are necessary parties in foreclosure cases. *Mottale v. Kimball Tirey & St. John, LLP* No.13 CV1160-GPC-JMA, 2013 WL 5570193 *7 (S.D. Cal. Oct. 9, 2013); *Maynard v. Wells Fargo Bank, N.A.,* No. 12 CV1435 AJB JMA, 2012 WL 4898021, at *2-3 (S.D. Cal. Oct. 15, 2012); *Edwards v. Def. Home Loan Mortgage Corp.,* No. C 12-04868 JSW, 2012 WL 5503532, at *3-4 (N.D. Cal. Nov. 13, 2012).

Conversely, if Mr. Gonzalez is not joined in this action, Defendants would also face the risk of multiple and conflicting rulings and/or obligations if Mr. Gonzalez separately asserts any related claims at a later date. This Court would also incur the burden of having to adjudicate this same matter multiple times.

Plaintiff's Opposition to the original Motion to Dismiss unsuccessfully tried to preserve the issue by claiming that she had been awarded title in the divorce, albeit without any documents to support this assertion. *See,* Opposition to Motion to Dismiss, ¶ 18-20. Plaintiff's FAC does little more to cure the problem. In fact, Exhibit 1 to the FAC appears to contradict Plaintiff's claims that Mr. Gonzalez is not an indispensable party.

 Exhibit 1 to the FAC is Plaintiff's Judgment for Dissolution of Marriage ("Dissolution Judgment"). In it, Plaintiff and her now ex-husband, Mr. Gonzalez, agreed to the following terms: 1) "each party shall pay one-half interest in the community debts of the parties," [Exhibit 1 to the FAC, ¶ 20]; 2) Mr. Gonzalez will "execute and sign on two loan modifications [close the quotes] [Exhibit 1 to the FAC, ¶ 21]; and 3) Mr. Gonzalez shall execute and deliver an "interspousal transfer deed to the Property to Plaintiff." *Id.* Not only do Mr. Gonzalez and Plaintiff agree to split the debts of the community, which *includes the Loan*, but Mr. Gonzalez further affirms his continued obligation under the Note and DOT by

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

1  agreeing to execute two loan modification agreements for the Property[2].

2  Moreover, the divorce award only determines liability between the ex-spouses; it

3  does not exonerate either spouse from liability to the owner of the Note.

4      The next step in determining whether Mr. Gonzalez is an indispensable

5  party is addressing whether joinder would be feasible. *See* Fed. R. Civ. P. 19(b);

6  *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Joinder is "contingent

7  ... upon an initial requirement that the absent party *claim* a legally protected

8  interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell*

9  *Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir.1983) (emphasis added). Here, the

10  Judgment for Dissolution of Marriage provides such evidence. In particular, Mr.

11  Gonzalez agrees to execute loan modification agreements on the Property, and to

12  pay one-half of the community debts. Moreover, as discussed above, the

13  interspousal transfer deed does not exonerate Mr. Gonzalez from being pursued by

14  the owner of the Note.[3]

15      The Court has already determined that Mr. Gonzalez is a "necessary" party

16  to the action [*see,* Court's June 15, 2015 Order] and Plaintiff's FAC does nothing

17  to refute that determination. Therefore, the Court still cannot in "equity and good

18  conscience," allow this action to proceed without Mr. Gonzalez, the co-borrower,

19  and should dismiss Plaintiff's First Amended Complaint in its entirety on this

20  basis.

21  ///

22  ///

23

24

---

25  [2] The Real Property identified in the Dissolution Judgement, matches the legal

26  description on the DOT. *See,* Exhibit "A" to the DOT attached as Ex. 1 to the

27  concurrently filed Request for Judicial Notice.

28  [3] A review of title documents does not reflect that the Interspousal Transfer Deed
identified in the Dissolution Judgement was ever recorded. Regardless, it would
not affect either borrowers' liability to the owner of the Note.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#### IV.   ANALYSIS OF CLAIMS:

##### 1.   *Plaintiff's Claim for Violation of HOBR § 2923.6 fails.*

Although the Court previously ruled that the Motion to Dismiss this claim for relief was being sustained [denied?] solely on the basis of failure to join Mr. Gonzalez, and rejected the challenge based on the facts plead, the FAC adds <u>brand new facts</u> to this claim, which warrant the Court taking another look at the merits of the claim and granting dismissal.

Captioned more generally as a cause of action for violation of the California Homeowner's Bill of Rights ("HOBR"), the only violation actually claimed in Plaintiff's First Cause of Action is under California *Civil Code* § 2923.6, prohibiting "dual-tracking." Plaintiff alleges that she submitted a loan modification application on October 2014 [*See*, FAC ¶ 23], but Defendants nonetheless subsequently foreclosed on the Property on October 30, 2014 without having denied her application. *See,* FAC, ¶ 25. Plaintiff also suggests that the post-foreclosure denial in Defendants' November 4, 2014 Letter is further indication that "'dual-tracking' occurred." *Id*. Plaintiff's claim fails for at least several reasons.

*Civil Code* § 2923.6 does <u>not</u> require loan servicers to actually modify loans; it merely requires that lenders review *qualified* borrowers for *possible* loan modifications. (Emphasis added.) *Civil Code* § 2923.4(a): "Nothing in the Act…shall be interpreted to require a particular result of that process." *See also Rodriguez v. JP Morgan Chase & Co.,* 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011). Moreover, pursuant to *Civil Code* § 2923.6(h) "an application shall be deemed complete when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer *within the reasonable timeframes specified by the mortgage servicer.*" (Emphasis added.)

Further, *Civil Code* § 2923.6(g) states that "the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been

9

evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." [emphasis added].

Plaintiff does not, and cannot, claim that there was no prior opportunity for review prior to her October 2014 submission, nor does Plaintiff allege that there was any material change in her financial condition of which she notified Ocwen in submitting her request for a foreclosure prevention alternative on or about October 2014. Plaintiff makes no reference to a prior modification in her Complaint, nor the FAC, however the Dissolution Judgment identifies not one, but two, loan modifications that were, at the very least, offered to Plaintiff, and Mr. Gonzalez for the Property. *See,* Dissolution Judgment, ¶ 21. Provided that Plaintiff does not allege that a material change occurred in her circumstances for her October 2014 loan modification application submission, pursuant to Cal. *Civil Code* § 2923.6(g), Plaintiff was not a "qualified borrower" entitled to a loan modification review as she had already been reviewed prior to January 1, 2013.[4] Plaintiff's claim should fail on this ground alone.

Despite having this defect pointed out in the prior Motion to Dismiss, Plaintiff still fails to identify the precise date when she submitted her "complete" loan modification application, but instead, deliberately alleges a general date of "on or about October 2014." FAC, ¶23. This is a bad faith tactic to avoid having to concede her application untimely was submitted too close to the foreclosure sale. In any event, "[w]hether a loan modification application is 'complete' is a

---

[4] The Dissolution Judgment was entered September 14, 2009, therefore any loan modification identified in it, took place prior to January 1, 2013.

10

legal determination that must be made by considering the mandates of section 2923.6(h). Plaintiff's bald allegation that she submitted 'complete' loan modification application—without any supporting factual allegations-is a conclusory statement and the Court does not rely on such assertions in evaluating the sufficiency of Plaintiff's complaint." *Woodring v. Ocwen Loan Servicing, LLC,* no. CV 14-03416(BRO)(ex) 2014 WL 3558716 *7 (C.D. Cal., July 2014). Thus, Plaintiff does not, and cannot, allege <u>any</u> conduct on the part of Defendants which violates *Civil Code* § 2923.6.

Plaintiff also has no right to damages for the alleged dual tracking incident since Plaintiff fails to allege that she suffered "actual economic damages" caused by <u>Defendants'</u> wrongful conduct. *Civil Code* § 2924.12; *Rockridge Trust v. Wells Fargo NA,* 985 F. Supp.2d. 1110 (2013). The foreclosure sale was a result of Plaintiff's default and subsequent failure to cure that default, not any wrongful conduct on the part of Defendants. Thus, Plaintiff's claim fails and no good faith amendment can be made.

### 2. *Plaintiff's Claim for Promissory Estoppel Fails.*

To state a claim for promissory estoppel, Plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury, caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 901 (2005); *Toscano v. Greene Music*, 124 Cal.App.4th 685, 692 (2005). Facts demonstrating each of the elements are essential to assert the claim. Absent an allegation of a clear, unambiguous, and enforceable promise, a claim for promissory estoppel cannot be stated. *See*, *Lange v. TIG Insurance Co.*, 68 Cal.App.4th 1179, 1185-1186 (1998). Plaintiff must demonstrate that she "substantial[ly] change[d] [her] position, either by act or forbearance, in reliance on the promise." *Youngman v. Nevada Irrigation Dist.*, 70 Cal.2d 240, 249

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

(1969). "Under th[e] [promissory estoppel] doctrine the sort of material change in position that results must be unconscionable injury that is beyond the loss of the benefit of the bargain and requires more than the sorts of action ordinarily undertaken in anticipation of entry into contract." *Irving Tier Co. v. Griffin,* 244 Cal.App.2d 852, 865 (1966) (Emphasis added). Plaintiff has failed to allege the elements required for a promissory estoppel claim.

### a.    No Clear and Unambiguous Promise.

Plaintiff has failed to allege any "clear and unambiguous" promise made by Defendants. *See,* FAC ¶¶ 27-32. Instead, Plaintiff merely alleges "Ocwen promised to review Plaintiff for a loan modification." FAC, ¶ 27. As this Court has already determined, "[t]his conclusory restatement of the element alone is insufficient under the *Iqbal/Twombly* standard." *See,* June 15, 2015 Order. Even if this alleged "promise" was made (which it was not), Plaintiff's claim still fails because the putative promise is far from "clear and unambiguous." Certainly, there was no promise she would get any loan modification.

### b.    No Reliance by Plaintiff.

Second, although this Court's June 15, 2015 Order cautioned Plaintiff that her "Complaint does not contain any factual allegations supporting her contention that she was damaged by such reliance," the FAC merely adds a single, conclusory allegation that "Plaintiff abstained from exploring other options to avoid foreclosure, i.e., filing for bankruptcy." FAC, ¶ 31. Thus, Plaintiff still has not alleged plausible <u>facts</u> sufficient to show that she justifiably relied on any purported promise. *See,* FAC, ¶¶ 27-32. "[D]etrimental reliance is an essential feature of promissory estoppel." *Healy v. Brewster,* 59 Cal.2d 455, 463 (1963).

Plaintiff alleges "in reliance thereon, Plaintiff submitted a complete first lien loan modification." FAC, ¶ 29. However, the FAC is devoid of any allegation that Defendants, or Ocwen in particular, as alleged in the FAC [FAC, ¶29], solicited Plaintiff's loan modification application. Also unstated is <u>when</u>

12

Ocwen allegedly made this "promise" or who made it. Finally, the available facts reveal that Plaintiff had failed to pay her mortgage for nearly <u>five (5) years</u> prior to the sale. *See,* Exhibits 3, 5, 7, 9, 10, and 11 to the RJN; *Newgent v. Wells Fargo Bank, N.A.,* 2010 WL 761236 *7 (S.D. Cal., March 2010). Thus, Plaintiff did not rely on alleged representations by Defendants and any claim of any such reliance was not reasonable. *Id.* Where a plaintiff does not allege facts that could establish that she would have been successful in delaying the foreclosure sale, renegotiating her loan, and/or retaining possession of her home, dismissal is proper because the Complaint lacks "a connection between her reliance on the alleged promise and losing her home to sustain her claim for estoppel." *Id; See also, Nguyen v. PennyMac Loan Services, LLC,* 2012 WL 6062742 at * 7-8 (C.D. Cal. Dec. 5, 2012) ("such general allegations of detrimental reliance are insufficient to plead promissory estoppel and fail to meet even the basic pleading requirements of Rule 8 and *Twombly");* *Nationstar Mortgage LLC,* 2013 WL 2355524 at * 10 (E.D. Cal. May 29, 2013).

### c.     No Facts Suggesting Harm.

Third, Plaintiff has failed to allege that she was damaged, or that any damages resulted from Defendants' purported promises. *See,* FAC, ¶¶ 27-32. To the extent Plaintiff claims she has been damaged by the foreclosure sale [FAC, ¶32], Plaintiff's claim fails because the only reason foreclosure proceedings were initiated was Plaintiff's failure to make her Loan payments. Moreover, pursuant to the statutory requirements under § 2923.6(g), no plead facts establish that Plaintiff would have actually qualified for a loan modification. Indeed, no material change was shown, or even alleged.

As discussed above, *Civil Code* § 2923.6 does <u>not</u> require loan servicers to actually modify loans, but requires that lenders simply review *qualified* borrowers for *possible* loan modifications and even there, only if Plaintiff timely submitted a "complete" application pursuant to § 2923.6(h). Plaintiff has not

13

shown she was eligible for a new review here. Thus, Plaintiff has not been damaged by the Trustee's Sale. Accordingly, Plaintiff's claim fails and should be dismissed.

### 3. Plaintiff's Claim for Violation of Business and Professions Code § 17200 Fails Because Plaintiff Has Not Alleged Any Wrongful Conduct by Defendants.

To bring a claim under the California Unfair Competition Law (*Bus. & Prof. Code* § 17200 et seq.) (the "UCL"), a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising, [*Stewart v. Life Ins. Co. of North America,* 388 F. Supp. 2d 1138, 1143 (E.D. Cal. 2005) (citing *Lippitt v. Raymond James Fin. Servs*., (9th Cir. 2003) 340 F.3d 1033, 1043)] and the claim must be supported by facts described with reasonable particularity. *Khoury v. Maly's of California, Inc.,* (1993) 14 Cal. App. 4th 612, 619. A UCL claim can only apply to ongoing conduct; relief is not available to remedy past conduct. *Mangini v. Aerojet-General Corp.,* (1991) 230 Cal. App. 3d 1125, 1155-56.

"Unlawful Conduct" is defined as "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made," [*Saunders v. Supr. Court,* (1994) 27 Cal.App.4th 832, 838-39 (citing *People v. McKale,* (1979) 25 Cal.3d 626, 632)]. "[A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes, Inc.,* (1984) 159 Cal. App. 3d 509, 530. "Fraudulent Conduct," on the other hand, "does not refer to the common law tort of fraud but only requires a showing members of the public are likely to be deceived." *Olsen v. Breeze* (1996) 48 Cal.App.4th 608, 617-618 (citing *Bank of the West v. Superior Court,* (1992) 2 Cal.4th 1254, 1267). Statements are actionable under the UCL only if they are likely to deceive a reasonable consumer. *Stickrath v. Globalstar, Inc.,* (N.D. Cal. 2007) 527 F.Supp.2d 992, 989;

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

see *Freeman v. Time, Inc.*, (9th Cir. 1995) 68 F.3d 285, 289; *Consumer Advocates v. Echostar Satellite Corp.*, (2003) 113 Cal. App. 4th 1351, 1360.   For this purpose, a "reasonable person" standard is applied, [*Freeman,* 68 F.3d at 289; see *California State Board Of Funeral Directors And Embalmers* v. *Mortuary in Westminster Memorial Park,* (1969) 271 Cal. App. 2d 638, 642; *Audio Fidelity, Inc. v. High Fidelity Recordings, Inc.,* (9th Cir. 1960) 283 F.2d 551, 557] and the representations at issue have to be disseminated to, and be likely to mislead, the general public. *Express, LLC v. Fetish Group, Inc.*, (C.D. Cal. 2006) 464 F. Supp. 2d 965, 980.

Plaintiff does not make any substantive allegation that Defendants engaged in any actual "unfair" practices, as defined by California law. *People v. Casa Blanca Convalescent Homes, Inc.,* (1984) 159 Cal.App.3d 509, 530 ("an 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.") This is particularly apparent with U.S. Bank, who Plaintiff merely (and falsely) claims issued the NOD and NOTS and "caused" Ocwen to foreclose. FAC, ¶ 37. A review of the NOD and NOTS belies this claim [see, RJN exhibits 7 and 11]. Indeed, at the time the NOD and NOTS were recorded, there was <u>no pending</u> loan modification application at all given Plaintiff's assertion that she did not submit one until October 2014. FAC, ¶¶ 15-17.[5]

Plaintiff's claim also fails because she has not alleged any facts to demonstrate any conduct by Defendants that could be classified as an unlawful, fraudulent, or unfair business act or practice. *See,* FAC, ¶¶ 33-41. Plaintiff has not alleged any conduct by Defendants that could constitute a violation of an antitrust law, or violate the policy or spirit of such law. Moreover, Plaintiff has not alleged any conduct by Defendants that could be found to significantly

---

[5] In fact, HOBR was not even in effect when the NOD was recorded.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

threaten or harm competition. Instead, Plaintiff merely attempts to incorporate the alleged violation of *Civil Code* § 2923.6, which fails for the reasons discussed above. *See,* FAC, ¶¶ 21-26, 40.

In addition, Plaintiff has not, and cannot, allege any facts to demonstrate standing to allege her claim. Not only has Plaintiff not sufficiently addressed her failure to include her ex-husband as a necessary or indispensable party, but to have standing to allege a claim for violation of § 17200, Plaintiff must allege that she suffered an injury-in-fact as a result of the unfair competition. *See,* Bus. & Prof. Code § 17204; *Durrell v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1384 (2010). Plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice…that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011). There is no causation "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court,* 151 Cal.App.4th 1079, 1099 (1st Dist. 2007).

Here, Plaintiff has not alleged <u>facts</u> showing that she lost money or property as a result of <u>Defendants' conduct.</u> Plaintiff only states that Defendants' conduct was "substantially injurious because Plaintiff suffered an illegal foreclosure and is threatened by an imminent threat of losing her home." *See,* FAC, ¶ 38. However, the sale of the Property was not due to any wrongdoing by Defendants, but instead by Plaintiff's own default under the Loan and subsequent failure to cure the default.

To the extent Plaintiff is seeking attorneys' fees for any alleged violation of *Bus. & Prof. Code* §17200 [¶ 7 of the Prayer to the FAC], she is not entitled to them as a matter of law for the additional reason that the scope of remedies allowed under the UCL is limited. *Business & Professions* § 17204; *Cel-Tech Communications, Inc. v Los Angeles Cellular Telephone Company* (1999)

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

Cal.App.4th 163, 180; *Shadoan v. World Sav. & Loan Ass'n*, 219 Cal. App. 3d 97, 108 n.7 (1990) ("The Business and Professions Code does not provide for an award of attorney fees for an action brought pursuant to [S]ection 17203, and there is nothing in the statutory scheme from which such a right could be implied"). To the extent that Plaintiff is seeking an injunction [FAC, ¶ 41], it is unclear what Plaintiff is seeking to enjoin as the foreclosure sale has already taken place. *See,* Ex. 12 to RJN.

Moreover, given how the prayer is pled [*See,* Prayer to the FAC, ¶¶ 1, 2, and 4], Plaintiff is arguably still seeking to recover such damages for the imagined violations. Plaintiff is not entitled to either compensatory, statutory, or punitive damages under §17200. "[P]revailing plaintiffs are generally limited to *injunctive relief and restitution*." *Cel-Tech, supra*, 20 Cal.4th at p. 179. (Emphasis added). The only permissible monetary recovery under the UCL is *restitution* of any sums which were actually paid by Plaintiff as a result of the allegedly fraudulent, unfair, or unlawful acts. *Cortez v. Purolator Air Filtration Prods.*, (2000) 23 Cal.4th 163, 179.

///
///
///
///
///
///
///
///
///
///
///
///

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    <u>CONCLUSION</u>

Despite having both the Court and Opposing Counsel point out the defects in the pleadings, Plaintiff has still not made any proper corrections. Accordingly, she cannot do so and Defendants respectfully request that the Court grant this Motion to Dismiss without leave to amend.


Respectfully submitted

WRIGHT, FINLAY & ZAK, LLP

Dated:  July 24,  2015          By:    */s/ Jennifer A. Brady*
Jennifer A. Brady, Esq.
Attorneys for Defendants, OCWEN LOAN
SERVICING, LLC; U.S. BANK
NATIONAL ASSOCIATION, AS
TRUSTEE,  UNDER POOLING AND
SERVICING AGREEMENT    DATED
AS OF MAY 1, 2005 ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-HE1

18

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF**

# PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 23, 2015, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF  and [PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:

[ ]    by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Lauren Rode, Esq.
Kenley Dygert, Esq.
Consumer Action Law Group, PC
3700 Eagle Rock Blvd
Los Angeles, CA  90065
lauren@calgroup.org; kenley@calgroup.org

*Attorney for Plaintiff*

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY GOLDEN STATE OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the

1

case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).   A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on July 23, 2015, at Newport Beach, California.

Gretchen Grant

**PROOF OF SERVICE**